UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLEAR SKIES NEVADA, LLC,

      Plaintiff,

v.                                     Case No:   6:15-cv-2025-Orl-37TBS

JOHN OR JANE DOE,

      Defendant.

_____

## ORDER

This is a copyright action in which Plaintiff alleges that Defendant "acted in a collective and interdependent manner via the Internet to unlawfully reproduce and distribute Plaintiff's copyrighted Motion Picture ['Good Kill'] by means of interactive 'peer-to-peer … file transfer technology protocol called BitTorrent."   (Doc. 1, ¶¶ 1, 6). Defendant is identified only by IP addresses (Doc. 1, ¶¶ 2, 22; Doc. 1-2).   The case is now before the Court on Plaintiff Clear Skies Nevada, LLC's Motion for Leave to Serve Non-Party Subpoena Prior to Rule 26(f) Conference and Supporting Memorandum of Law (Doc. 4), and Plaintiff Clear Skies Nevada, LLC's Amended Motion for Leave to Serve Non-Party Subpoena Prior to Rule 26(f) Conference and Supporting Memorandum of Law (Doc. 5).   Plaintiff seeks to conduct limited discovery of a non-party internet service provider to determine the identity of Defendant.

The Federal Rules of Civil Procedure prohibit "discovery from any source before the parties have conferred as required by Rule 26(f), except," *inter alia*, when authorized by court order.   FED. R. CIV. P. 26(d)(1).   See also M.D. FLA. R. 3.05(c)(2)(B). Expedited discovery is appropriate upon a showing of good cause.   Malibu Media, LLC v.

<u>Doe</u>, No. 8:13-CV-857-T-35TGW, 2013 WL 1620366, at *1 (M.D. Fla. Apr. 15, 2013); <u>St. Jude Med. S.C., Inc. v. Biosense Webster Inc.</u>, No. 6:13-CV-333-ORL-28, 2013 WL 1502184, at *1 (M.D. Fla. Apr. 12, 2013); <u>Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.</u>, No. 8:08-CV-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (citing <u>Nassau Terminals, Inc. v. M/V Bering Sea</u>, No. 99-104-Civ-J-20C, 1999 WL 1293476 (M.D. Fla. July 1, 1999)).

Plaintiff has established that it holds a copyright for the motion picture allegedly copied and distributed by Defendant through the use of the BitTorrent protocol (Docs 1, 1-3), and through a forensic investigation it has identified Defendant's IP address as the source of the infringing activity (Doc. 4, pp. 7-12).   Plaintiff has also shown that it cannot identify Defendant, and thus cannot meet its service obligation under Fed. R. Civ. P. 4, without the requested discovery.   Moreover, time is of the essence due to the fact that internet service providers typically do not retain user activity logs for extended periods (Doc. 4-2, ¶ 17).   <u>See also Malibu Media, LLC</u>, 2013 WL 1620366 at *1.   Under these circumstances, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference.   <u>See e.g.</u>, <u>Malibu Media, LLC</u>, 2013 WL 1620366 at *1; <u>Thompsons Film, LLC v. Doe 119</u>, No. 2:13-CV-320-FTM-99SPC, 2013 WL 1787807, at *2 (M.D. Fla. Apr. 26, 2013); <u>Arista Records LLC v. Does 1-7</u>, No. 3:08-CV-18-CDL, 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008).   Accordingly, Plaintiff's amended motion (Doc. 5) is **GRANTED**.

It is **ORDERED** that Plaintiff may serve immediate discovery on Bright House Networks to obtain the identity of Defendant by serving a Rule 45 subpoena that seeks documents identifying the name, address, e-mail address, and media access control address for the Defendant to whom the IP address set forth in Doc. 1-2 is assigned.   The

disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).   Any

information disclosed to Plaintiff in response to the Rule 45 subpoena may be used by

Plaintiff solely for the purpose of protecting Plaintiff's rights under the Copyright Act.

　　　　**IT IS FURTHER ORDERED** that Plaintiff Clear Skies Nevada, LLC's Motion for

Leave to Serve Non-Party Subpoena Prior to Rule 26(f) Conference and Supporting

Memorandum of Law (Doc. 4) is **DENIED as moot**.

　　　　**DONE** and **ORDERED** in Orlando, Florida on December 4, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record